IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CENTURION MPP PTE. LTD., | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| PARKER BUSH LOGISTICS, INC., | § | No. 3:26-CV-2202-G-BW |
| Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| Garnishee. | § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

On July 1, 2026, Centurion MPP Pte. Ltd. ("Centurion") filed a Verified

Complaint with Request for Issue of Process of Maritime Attachment and

Garnishment.  (Dkt. No. 1.)  Centurion has filed a motion and supporting brief

seeking issuance of process of maritime attachment and garnishment pursuant to

Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset

Forfeiture Actions as to Defendant Parker Bush Logistics, Inc. ("Parker Bush") and

Garnishee JPMorgan Chase Bank, N.A.  (Dkt. Nos. 3, 4.)  It also has filed a Motion

for Appointment for Service of Process of Maritime Attachment and Garnishment.

(Dkt. No. 5.)

---

[1] Senior United States District Judge A. Joe Fish referred this action to the undersigned magistrate judge for case management pursuant to 28 U.S.C. § 636(b).  (Dkt. No. 10.)

Review of the verified complaint and pending motions establish grounds for issuance of the writ authorized by Supplemental Rule B.  The petition adequately states a claim by Centurion against Parker Bush, those allegations are verified, and Attorney J. Stephen Simms explains under penalty of perjury that Parker Bush cannot be found in this district.  The Court therefore **GRANTS** the Motion for Order for Issue of Maritime Attachment and Garnishment.  (Dkt. No. 3.)  The Court additionally **GRANTS** the Motion for Appointment for Service of Process of Maritime Attachment and Garnishment.  (Dkt. No. 5.)

Accordingly, it is

**ORDERED** that the Clerk of Court is authorized to issue, pursuant to Supplemental Rule B, as detailed in the verified complaint, Process of Maritime Attachment and Garnishment for all assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic fund transfers, freights, sub-freights, charter hire, sub-charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendants, including, but not limited to any such assets as may be in the possession, custody or control of, or being transferred through Garnishee within this District, and said Order being equally applicable with respect to the issuance and service of additional writs of maritime attachment and garnishment upon any garnishees in this District not named herein, pursuant to Rule B of the Supplemental Rules for Certain

Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the garnishment or attachment should not be vacated or other relief granted; and it is further

**ORDERED** that supplemental or further writs of maritime attachment and garnishment may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service of a writ of maritime attachment and garnishment on any Garnishee, supplemental service of maritime attachment and garnishment writs on that Garnishee and related papers may be made by way of facsimile transmission or email to each such Garnishee and, it is further

**ORDERED** that service on any Garnishee as described above is deemed continuous throughout the day from the time of such service through the opening of the Garnishee's business the next business day; and, it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), each Garnishee may consent, in writing, to accept service by any other means; and it is further

**ORDERED** that a copy of this Order be served with each said writ of maritime attachment and garnishment.

**SO ORDERED** on July 9, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE